COMMONWEALTH *vs.* ALPHONSO PORFIDIO.

Suffolk.    October 1, 1934. — October 4, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & DONAHUE, JJ.

*Evidence,* Relevancy.   *Witness,* Cross-examination.

At the trial of an indictment charging robbery while armed, the victim of the robbery positively identified the defendant as the robber. A police officer, who arrested the defendant nearly two months after the robbery, was permitted, subject to exception by the defendant, to testify that on searching the defendant he found a revolver in his possession. Later the defendant testified and denied having committed the robbery. Questioned in cross-examination, subject to his exceptions, he stated, in explanation of his possession of the revolver when arrested, that he was holding it for another who had handed it to him about an hour before the arrest; but he refused to tell who gave it to him for the reason that to give the name would tend to incriminate another person. *Held,* that

(1) The testimony of the police officer was admissible: the possession of the revolver in all the circumstances had some tendency to connect the defendant with the crime charged, and it was not necessary that the identity of the revolver with the one used at the commission of the crime be shown;

(2) The cross-examination did not exceed reasonable limits.

INDICTMENT, found and returned on February 8, 1934, charging the defendant with robbery, while armed, of one Lund on November 28, 1933.

In the Superior Court, the indictment was tried before *Gray,* J. Lund positively identified the defendant and a codefendant as those who robbed him. Testimony of the

arresting officer, admitted subject to exception by the defendant, is described in the opinion. Later, the defendant took the witness stand and in direct examination denied that he took any part in the crime charged. No questions were asked and no evidence was offered in direct examination of the defendant regarding the revolver. In cross-examination he denied that the revolver found on his person at the time of the arrest was used by him at the robbery, and he explained his possession of the revolver, in response to questions asked by the district attorney, that he was holding it for another who handed it to him about one hour before his arrest. He further stated that it was not handed to him by the codefendant, but refused to tell who gave it to him, and, asked why he would not tell, he replied that to give the name would tend to incriminate another person. Upon his refusal to give the name of the party who handed him the revolver, the district attorney did not press this point further. All of this evidence in cross-examination was introduced by the Commonwealth over the objection and exception of the defendant.

The defendant was found guilty, and alleged exceptions.

*W. H. McDonnell,* (*J. P. White* with him,) for the defendant.

*D. J. Gillen,* Assistant District Attorney, for the Commonwealth.

RUGG, C.J. This is an indictment for robbery while armed. There was evidence tending to show that at Revere, on November 28, 1933, the defendant and a codefendant, each armed with a revolver, committed the crime charged. The defendant was arrested on January 20, 1934, in a store in Boston. Against the exception of the defendant the arresting officer was permitted to testify that on searching the defendant he found a revolver in his possession. In cross-examination the defendant denied that this revolver was used by him at the robbery and gave an explanation as to his possession of it, testifying also that it was not handed to him by the codefendant, but he refused to tell who gave it to him for the reason that to give the name would tend to incriminate another person.

There was no error in the admission of this evidence. It was not necessary that the identity of the revolver with the one used at the commission of the crime be shown. The possession of a revolver in all the circumstances had some tendency to connect the defendant with the crime charged. *Commonwealth* v. *Brown*, 121 Mass. 69. *Commonwealth* v. *Johnson*, 199 Mass. 55. Reasonable limits of cross-examination were not exceeded. *Commonwealth* v. *Russ*, 232 Mass. 58, 79.

*Exceptions overruled.*